UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR. in his official capacity as President of the United States, *et al.*, <br><br>  Defendants. | Case No. 1:21-cv-03867-DDD-JPM |

## DECLARATION OF RALPH MARTIN

I, RALPH MARTIN, hereby make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 years and am otherwise competent to make this declaration.

2. I make this declaration on the basis of personal knowledge.

3. I have been employed with the Office of Justice Programs ("OJP"), a bureau of the U.S. Department of Justice ("DOJ"), since 2005. Since 2015, I have been employed by OJP as the Director of its Office of Audit, Assessment, and Management ("OAAM").

4. OAAM was established by 34 U.S.C. § 10109, which also sets forth certain of the Office's duties. Those statutory duties include "carry[ing] out and coordinat[ing] program assessments of, tak[ing] actions to ensure compliance with the terms of, and manag[ing] information with respect to, grants under programs . . . carried out by the Office of Justice Programs." In addition, pursuant to OJP Order No. 1001.9A (16 Dec. 2016), OAAM has specific responsibilities relating to "audits, reviews, inspections, evaluations, and investigations of OJP programs" by the Office of the Inspector General or the Government Accountability Office, "annual reviews of internal controls as mandated by OMB Circular A-123," "the DOJ annual financial statement audit and other external audits," "'high-risk' grantee designations," "enterprise risk management," "grants monitoring," the "automated system for managing all grant-related information," "policies and procedures for OJP's grant management activities," "current business processes of the grants, contracts, . . . and financial-management life-cycle," and "programs and operations across the DOJ grant making agencies." As the OAAM Director, I am directly responsible for OAAM's activities.

5. OJP, a grant-making bureau within DOJ, is authorized to use the resources under its stewardship to award Federal financial assistance under programs intended to improve the nation's capacity to prevent and reduce crime, assist victims, and enhance the rule of law by strengthening the criminal and juvenile justice systems. Although its programs also address criminal justice system and related matters involving the Federal government, OJP's primary focus is on justice systems—and communities—throughout

the various States and units of local government, in U.S. territories, and in American Indian and Alaska Native communities.

6. When OJP makes an award of Federal financial assistance to an entity that applies for Federal funding to carry out criminal justice, juvenile justice, victims assistance, or related projects and activities under the programs OJP administers, it uses a "grant" or "cooperative agreement" -instrument, and not a procurement contract.  This election is in keeping with 31 U.S.C. §§ 6304-6305, which provide—

> An executive agency shall use a grant agreement as the legal instrument reflecting a relationship between the United States Government and a State, a local government, or other recipient when—
>
> (1) the principal purpose of the relationship is to transfer a thing of value to the State or local government or other recipient to carry out a public purpose of support or stimulation authorized by a law of the United States instead of acquiring (by purchase, lease, or barter) property or services for the direct benefit or use of the United States Government; and
>
> (2) substantial involvement is not expected between the executive agency and the State, local government, or other recipient when carrying out the activity contemplated in the agreement.
>
> An executive agency shall use a cooperative agreement as the legal instrument reflecting a relationship between the United States Government and a State, a local government, or other recipient when—
>
> (1) the principal purpose of the relationship is to transfer a thing of value to the State, local government, or other recipient to carry out a public purpose of support or stimulation authorized by a law of the United States instead of acquiring (by purchase, lease, or barter) property or services for the direct benefit or use of the United States Government; and
>
> (2) substantial involvement is expected between the executive agency and the State, local government, or other recipient when carrying out the activity contemplated in the agreement.

OJP's grant and cooperative agreement recipients are not under an agreement to perform work for the Federal government and are not, in implementing Federally-supported projects and activities under OJP's various programs, engaged in the provision of services, construction, or concessions to or for the Federal government or on its behalf.

7. An entity seeking funding (*i.e.*, Federal financial assistance) from OJP to carry out such Federally-supported projects and activities must respond to an OJP grant-program funding announcement (or grant "solicitation") by submitting a grant application (through an electronic federal grant application portal) that details the applicant's plan—and its proposed budget—to implement its proposal. If OJP approves the application for funding (whether the resulting award takes the form of a grant or cooperative agreement instrument), the prospective funding recipient, in order to receive and administer an award of Federal financial assistance, must agree to adhere to, in addition to other applicable grant program requirements, the federal grants administrative requirements stated in the Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by DOJ in C.F.R. Part 2800.

8. In keeping with 31 U.S.C. §§ 6304-6305 and 2 C.F.R. § 200.1 (definitions of "Federal financial assistance," "Cooperative agreement," "Grant agreement"), OJP does not understand any of the categories specified at section 5(a) of Executive Order No. 14042 to apply to OJP's portfolio of grant and cooperative agreement awards. Moreover, because these awards—OJP's grants *and* its cooperative agreements, alike—

are for the principal purpose of providing Federal financial assistance to the recipient to carry out a public purpose—and not for the purpose of acquiring property or services for the Federal Government—OJP understands the cooperative agreement awards it makes to be grant instruments (*i.e.,* not "contract-like"), and thus outside of the scope of Executive Order No. 14042, as noted in section 5(b)(i) thereof.

9. For the reasons described above, OJP has not taken, and has no intention to take, any steps to apply or implement the Federal procurement policy (described in section 1 of Executive Order No. 14042)—effecting the provision of certain safeguards at sites where contractors and subcontractors perform work for the Federal Government—with respect to either OJP grant or cooperative agreement awards and, accordingly, has not required, and has no intention to require, the inclusion of the contract clause (described in section 2 of Executive Order 14042) in any such grant or cooperative agreement.

10. I declare under penalty of perjury that the foregoing is true and correct. Executed on: November 24, 2021

*Ralph E. Martin*
_____
Ralph Martin
Director
Office of Audit, Assessment, and Management
Office of Justice Programs
U.S. Department of Justice