# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> JOSEPH R. BIDEN, JR. in his official capacity as President of the United States, et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 1:21-cv-3867-DDD-JPM |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF STATES' MOTION FOR PRELIMINARY INJUNCTION

Plaintiff States respectfully notify the Court of recent authority supporting their pending motion for a preliminary injunction. On November 30, 2021, the United States District Court for the Eastern District of Kentucky preliminarily enjoined the Contractor Vaccine Mandate—the same mandate under review here—in the States of Kentucky, Ohio, and Tennessee. The opinion enjoining the Mandate is attached as Exhibit A. Four points from that injunction opinion bear emphasis here.

First, the court held that the plaintiffs—the States of Kentucky, Ohio, and Tennessee—had standing to challenge the Contractor Vaccine Mandate based on special solicitude, *parens patriae*, and "the fact that governmental agencies are already requesting that current contracts ... comply with the vaccine mandate[, which] indicates a threat of future harm to the Plaintiffs." Ex. A at 8.

Second, the court held that the plaintiffs demonstrated a likelihood of success on the merits because the Mandate exceeds the Executive Branch's authority. Ex. A at 13 ("[I]t strains credulity

that Congress intended the FPASA, a procurement statute, to be the basis for promulgating a public health measure such as mandatory vaccination."). The court specifically reasoned that Defendants' interpretation of FPASA's nexus requirement would violate the major questions doctrine. Ex. A at 13 ("If a vaccination mandate has a close enough nexus to economy and efficiency in federal procurement, then the statute could be used to enact virtually any measure at the president's whim under the guise of economy and efficiency.").

Third, the court held that the Mandate raises serious questions under the Competition in Contracting Act, the Nondelegation Doctrine, and the Tenth Amendment. Ex. A at 15-20.

Finally, the court concluded by finding that a preliminary injunction is appropriate because the loss of constitutional freedoms, the divestment of State police power, and nonrecoverable costs of compliance caused by the Mandate are all irreparable injuries. Ex. A at 26-27.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 3, 2021 | /s/ Elizabeth B. Murrill |
| TYLER R. GREEN* | ELIZABETH B. MURRILL |
| DANIEL SHAPIRO* |   Solicitor General |
| CONSOVOY MCCARTHY PLLC | J. SCOTT ST. JOHN |
| 222 S. Main Street, 5th Floor |   Deputy Solicitor General |
| Salt Lake City, UT 84101 | LOUISIANA DEPARTMENT OF JUSTICE |
| (703) 243-9423 | 1885 N. Third Street |
|  | Baton Rouge, LA 70804 |
|  | Tel: (225) 326-6766 |
| *Counsel for Plaintiff State of Louisiana* | murrille@ag.louisiana.gov |
|  | stjohnj@ag.louisiana.gov |

OTHER COUNSEL:

THEODORE M. ROKITA
  Indiana Attorney General
Thomas M. Fisher
  Solicitor General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Tom.fisher@atg.in.gov
*Counsel for the State of Indiana*

LYNN FITCH
  Attorney General of Mississippi
John V. Coghlan
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Tel: (601) 359-3680
*Counsel for the State of Mississippi*

*Pro Hac Vice admission application forthcoming*