### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>JOSEPH R. BIDEN et al.,<br><br>                Defendants. | No. 1:21-cv-3867<br><br>Judge Dee D. Drell<br><br>Magistrate Judge Joseph H. L. Perez-Montes |

### DEFENDANTS' MOTION TO STAY

The plaintiff states' most recent notice of supplemental authority discusses *Georgia v. Biden*, No. 21-cv-00163 (S.D. Ga. Dec. 7, 2021), which involves a similar challenge to EO 14042 and its implementing guidance. *See* Pls.' Notice, ECF No. 40 (including the slip opinion as ECF No. 40-1). Concluding that the President likely exceeded his authority under FPASA when issuing Executive Order 14042, the *Georgia* court enjoined the federal government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or territory of the United States of America." Slip Op. at 27.

So long as it remains in effect, this nationwide injunction eliminates the states' allegedly irreparable injuries stemming from EO 14042 and its implementing guidance. Accordingly, in the interest of conserving judicial resources, defendants hereby move to stay further litigation, unless and until the *Georgia* injunction is stayed, vacated, or narrowed such that adjudicating the states' motion for a preliminary injunction would have practical significance. Undersigned counsel conferred with counsel for the states, who indicated that the states oppose this motion.

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Heck v. Triche*, 775

F.3d 265, 276 (5th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing district court's "broad discretion to stay proceedings"). This includes the power to enter a stay "pending resolution of independent proceedings which bear upon the case." *Dresser v. Ohio Hempery, Inc.*, No. 98-2425, 2010 WL 3720420, at *2 (E.D. La. Sept. 13, 2010). In determining whether to stay a case, the court must consider what is "efficient for its own docket" as well as "the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, conservation of the Court's and the parties' resources weighs in favor of a stay. The requested stay imposes no hardship on the states; they are not at risk of being harmed by EO 14042 and its implementing guidance as long as the *Georgia* injunction remains in place. In similar situations, courts have readily stayed superfluous proceedings. *See, e.g.*, *Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018), Dkt. No. 143 (staying request for preliminary relief because another nationwide injunction "calls into question whether the harms Plaintiffs allege are actually imminent or certain—a prerequisite for a preliminary injunction"); *Washington v. Trump*, No. C17–0141, 2017 WL 4857088, at *6 (W.D. Wash. Oct. 27, 2017) (because another district court had "already provide[d] Plaintiff States with virtually all the relief they seek," plaintiffs will not incur "any significant harm" by the court's staying consideration of their TRO motion); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017) ("[I]n light of the current nationwide injunction of Section 6 by the United States District Court of the District of Hawaii, a stay would not impose any hardship on Plaintiffs or result in irreparable harm."); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 853 (D. Hawaii 2017) ("[T]he Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As such, the

State will not suffer irreparable damage . . . if the Court were to grant Defendants' motion to stay."). Indeed, another district court in this Circuit stayed a similar challenge to EO 14042 and its implementing guidance in light of the *Georgia* injunction over plaintiff's objection (there, the state of Texas). *See* Minute Order of Dec. 10, 2021, *Texas v. Biden*, No. 3:21-cv-309-JVB (S.D. Tex.) ("Case is stayed.").

To be sure, the federal government strongly disagrees with the *Georgia* decision, has filed an appeal, and is seeking to stay—or, in the alternative, to narrow—the *Georgia* injunction during the pendency of that appeal. *See* Motion for Stay, *Georgia v. President of the United States*, No. 21-14269 (11th Cir. Dec. 10. 2021); *see also Georgia*, No. 21-cv-00163 (S.D. Ga.), Dkt. Nos. 96, 97. If the federal government succeeds in modifying the injunction, such that this Court's adjudication of these states' challenge to EO 14042 and its implementing guidance would have practical significance, this Court could lift its stay and be in a position to rule promptly. Unless and until that happens, however, the states cannot show that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Holland Am. Inc. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of [a preliminary injunction] applicant."). Accordingly, there is no basis for this Court to grant the states' pending motion for preliminary injunction,[1] and there is no need for further litigation regarding EO 14042 and its implementing guidance at this time.

---

[1] To the extent that an Article III case or controversy exists here, the *Georgia* decision did not render it moot. *See, e.g.*, *California v. U.S. Dep't of Health & Hum. Servs.*, 941 F.3d 410, 420-23 (9th Cir. 2019), *vacated on other grounds by Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020). Accordingly, the *Georgia* decision would not prevent the Court from *denying* the states' pending motion for preliminary injunction on any of the various grounds discussed in defendants' opposition briefing, ECF No. 28. At present, however, it is simply unnecessary to adjudicate the states' motion one way or the other.

A proposed order is attached for the Court's convenience.

Dated:  December 11, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director

*/s/ Kevin Wynosky*
MADELINE M. McMAHON
KEVIN WYNOSKY (PA Bar # 326087)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Rm. 12400
Washington, DC 20005
(202) 616-8267
Kevin.J.Wynosky@usdoj.gov